UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARIUSZ BRULINSKI individually and on behalf
of all other persons similarly situated,

                           Plaintiff,

    - against -

CHATEAU GC, LLC, PROGRESSIVE
MAINTENANCE, LLC, PRESTIGE EMPLOYEE
ADMINISTRATORS, LLC, GARFIELD STEWART,
KAL SHAH and ALEXANDER ARKER,

                       Defendants.
----------------------------------------------------------------X

Case No.:

**COMPLAINT**

COLLECTIVE ACTION

JURY TRIAL DEMANDED

      Plaintiff, MARIUSZ BRULINSKI ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Marzec Law Firm P.C., as and for his complaint against the Defendants, CHATEAU GC, LLC, PROGRESSIVE MAINTENANCE, LLC, and PRESTIGE EMPLOYEE ADMINISTRATORS, LLC (collectively "Corporate Defendants"), GARFIELD STEWART and KAL SHAH ("Individual Defendants") (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

      1.    Plaintiff on behalf of himself and all others similarly situated brings this action to recover unpaid wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

2.     This action seeks compensatory damages, liquidated damages, statutory damages and attorneys' fees and costs of this action arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendant into violating the employee contract between the Corporate Defendant and the Plaintiff and others similarly situated of wages rightfully earned working for the Corporate Defendant.

3.     Plaintiff and all others similarly situated employees was employed by the Corporate Defendant but were misclassified and, as such, not compensated as per their proper worker classification.

## PARTIES

4.     Plaintiff MARIUSZ BRULINSKI is a citizen of New York with an address of 279 E. 44th Street, Apt. 14A, New York, NY 10017. He was employed by the corporate Defendant CHATEAU GC, LLC from November 23, 2020 through to November 14, 2021.

5.     At all times relevant herein, the Corporate Defendant CHATEAU GC, LLC, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 1044 Northern Blvd., 2nd Floor, Roslyn, New York 11576.

6.     At all times relevant herein, the Corporate Defendant PROGRESSIVE MAINTENANCE, LLC, was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 1044 Northern Blvd., 2nd Floor, Roslyn, New York 11576.

7.     At all times relevant herein, the Corporate Defendant PRESTIGE EMPLOYEE ADMINISTRATORS, LLC, was and is a corporation duly organized under, and existing by virtue

of, the laws of the State of New York and having its principal place of business at 538 Broadhollow Rd, Suite 311, Melville, NY 11747.

8.      The Individual Defendants were the employees of the Corporate Defendant and served in the following capacities:

   a.   GARFIELD STEWART all relevant times was and is the site construction supervisor of the Corporate Defendant Chateau GC and ultimately charged with payment of wages to Plaintiff and others similarly situated;

   b.   ALEXANDER ARKER at all relevant times was and is the owner of the Corporate Defendant Chateau GC and was charged with payment of wages to Plaintiff and others similarly situated;

   c.   KAL SHAH at all relevant times was and is a director of human resources and responsible for payroll and other managerial responsibilities for the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated;

9.      The Individual Defendants maintain an address c/o of CHATEAU GC, LLC, 1044 Northern Blvd., 2nd Floor, Roslyn, NY 11576.

10.     The Individual Defendants are supervisors, managers, officers or directors of the Corporate Defendant responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and are each individually responsible for unpaid wages under Federal and New York Law and otherwise.

11.     Individual Defendants are charged with payment of wages to Plaintiff and other similarly situated as a matter of law.

## JURISDICTION AND VENUE

12.     The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is domiciled and incorporated in the State of New York, is authorized to do business in the State of New York, and regularly conducts business in New York. Corporate Defendant maintains an office in New York, Kings County and conducts its activities from New York State and within this District.

13.     The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly conduct business in New York, maintain an office in New York and conduct their activities from New York State and within this District.

14.     Defendants regularly transact a substantial amount of business and have substantial contacts in New York.

15.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

16.     This Court has jurisdiction over Plaintiff's state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiff's federal claims and form part of the same case or controversy.

17.     This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiff's claims occurred in this District, and Defendants are domiciled and are residents of this District.

## JURY DEMAND

18.     Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

19.     Defendant CHATEAU GC, LLC, is a general contractor providing construction services and renovation work for the residential industry.

20.     The Corporate Defendants bid upon, obtained and performed, publicly financed projects, i.e., city, state and federal projects.

21.     The Corporate Defendants performed contracts entered into between them and the various governmental instrumentalities, which contracts were covered by relevant provisions of the New York Labor Law and various federal laws relating to "prevailing wages" to be paid to employees of the Corporate Defendants.

22.     The Corporate Defendants entered into a contract with Plaintiff to perform the work for which Plaintiff provided labor, and that such work was part of publicly financed projects covered by the provisions of New York Labor Law and various federal laws.

23.     When the Corporate Defendants entered into the aforesaid contract to perform the work for which Plaintiff provided labor, the Corporate Defendants were required, under relevant law, to pay its employees, including Plaintiff, a "prevailing wage" that was specified in such contract or incorporated by reference into such contract.

24.     Plaintiff and others similarly situated were persons covered by, and/or intended to benefit from, the relevant provisions of New York Labor Law and/or other federal law, with respect to their work on the projects for which they provided labor.

25.     Plaintiff was employed as a construction worker by Defendants, and more specifically as a "Flooring Installers, " where he was paid $51.40 as a base salary and an additional $27.81 in tax fringe benefits for a total of $79.21.

26.     Upon information and belief, there is no such classification known as "Flooring Installers" under the New York State Department of Labor Prevailing Wage Schedule.

27.     Plaintiff should have been classified as a "Floor Coverer" pursuant to the New York State Department of Labor Prevailing Wage Guideline because the work that he performed for the

Corporate Defendants on public job sites consisted of, but not limited to, removing old flooring, vinyl floor tile installation, wood parquet/ plywood floor installation, installation of base board molding, trimming and fixing wooden doors, and reconstructing wooden shelves in closet. As a "Floor Coverer" Plaintiff was entitled to receive $54.00 an hour in base pay plus an additional $46.88 in tax fringe benefits for a total of $100.88 per hour, during the relevant time period that Plaintiff worked for the Corporate Defendants.

28.     Plaintiff and others similarly situated also performed some work as "Carpenters."

29.     Plaintiff and others similarly situated were entitled to receive prevailing wages at a rate equivalent to a proper classification under the New York State Department of Labor Prevailing Wage Schedule.

30.     Upon information and belief, the Corporate Defendants are alter egos of each other, and as will be established at trial, for the purpose of claims made by Plaintiff herein, the Corporate Defendants have no separate legal existence from each other, and, as a result the Corporate Defendants, individually and collectively, and jointly and severally are liable for all claims made herein.

31.     Corporate Defendant is an employer subject to the FLSA, as Corporate Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendant employs workers who provide various services inside and outside of New York and has engaged in interstate and/or international commerce.

32.     Upon information and belief, Corporate Defendants employed at least 100 employees during Plaintiff's tenure working for Corporate Defendant.

33.    At all relevant times herein, Corporate Defendant operated as an integrated enterprise. Plaintiff and similarly situated employees work interchangeably among Corporate Defendant's construction projects, and Plaintiff and similarly situated employees were subject to the same pay practice.

34.    Throughout his employment with Corporate Defendant, Plaintiff tracked his working hours and received payment of wages weekly by check.

35.    Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

36.    MARIUSZ BRULINSKI was employed by Corporate Defendant from November 23, 2020 through November 14, 2021, and at all times was paid $79.21 ($51.40 base rate plus $27.81 Tax Fringe) per hour straight time by check for his work as a "Flooring Installers."

37.    Plaintiff, and others similarly situated, were entitled to be paid a proper wage for the work done as "Floor Coverer".

38.    Plaintiff, and others similarly situated, worked forty (40) hours per week.

39.    By way of an example only, in a typical week such as January 4, 2021 through January 10, 2021, Plaintiff worked forty (40) hours and was paid a rate of $79.21 per hour. Plaintiff should have been paid at a rate of $104.88 per each hour as he was classified upon being hired as a "Floor Coverer". Plaintiff was not paid the correct hourly rate based upon his misclassification as a "Flooring Installers."

40.    Upon information and belief, other similarly situated employees were also misclassified and thereby underpaid.

41.    In addition, Plaintiff was to receive prevailing (union) level wages for all or some of the projects he worked on for Defendants. These projects which, upon information and belief,

required prevailing (union) level wages, included: (a) 1670 Pacific Street, Brooklyn, New York 11213; (b) 572 Warren Street, Brooklyn, New York 11217; and (c) 360 Nostrand Avenue, Brooklyn, New York 11216. All of these projects were part of the New York City Housing Authority ("NYCHA").

42.     Plaintiff did not receive the proper prevailing union level wages on any of these above-referenced projects.

43.     Defendants misclassified Plaintiff and others similarly situated thereby violating the Davis-Bacon Act.

44.     Defendants never paid Plaintiff prevailing (union) level wages for any hours worked at any of the worksites.

45.     Instead, Defendants paid Plaintiff only upwards of $79.21 per hour on public works projects, when Plaintiff should have been paid as per his proper classification at $104.88 per hour.

46.     On public works project, Plaintiff was to be paid union-level prevailing wages.

47.     The Individual Defendants supervised, managed, and/or were responsible for payment of wages to Plaintiff on all such public work projects, and Individual Defendants knew or should have known that Plaintiff was being paid only upward of $79.21 per hour straight time instead of prevailing union wages of at least $104.88 per hour for straight time.

48.     Upon information and belief, an employee's hourly rate at the correct classification for working at such public works projects would be over $104.88 (including tax fringe benefits) per hour, and in addition to such a higher hourly rate, an employee working at such public works projects would be entitled to many employee benefits, none of which Plaintiff received.

49.     This failure to pay was motivated by an intention to misclassify Plaintiff and all other similarly situated and therefore underpay them.

50.    Plaintiff lived under constant fear of termination should he speak up to Defendants concerning non-payment of overtime wages.

51.    Upon information and belief, other similarly situated employees were treated similarly as Plaintiff.

52.    Upon information and belief, Defendants recklessly disregarded the truth or falsity of payroll certifications of compliance with the Davis-Bacon Act.

**Defendants Failed to Comply with Mandated Wage Notices and Statements**

53.    Defendants failed to display legally required job site notices concerning state and federal labor laws.

54.    NYLL § 195(1) requires employers to provide employees with wage notices within ten business days of the start of employment.

55.    Section 195(1) mandates that "[e]very employer shall ... provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing" several categories of information, including "the regular pay day designated by the employer" and "the physical address of the employer's main office." NYLL § 195(1)(a).

56.    Defendants failed to provide Plaintiff and all others similarly situated in writing and in English as well as in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

57.    At all times relevant to this case, Plaintiff and all others similarly situated did not receive a wage notice within 10 business days of his first day of employment nor did he receive wage statements in compliance with the NYLLL.

58.     Moreover, Defendants did not provide Plaintiff and all others similarly situated with wage statements that complied with NYLL § 195(3).

59.     Accordingly, Plaintiff and all others similarly situated are entitled to recover wage-notice statutory damages for each workday that the violations occurred.

**Defendants' Conduct Was And Is Willful And Ongoing**

60.     Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees the proper prevailing (union) wages, and to make, keep, and preserve proper payroll records.

61.     Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the proper prevailing wages to which they were entitled, and, upon information and belief, to make, keep, and preserve payroll records and hours worked for each employee during the period covered by the claims alleged in this Complaint.

62.     Defendants willfully and intentionally created and operated an unlawful pay scheme.

63.     As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

64.     At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

65.     Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating To The Defendants As Employers**

66.     At all relevant times herein, Corporate Defendant was and is controlled by Individual Defendants.

67.     At all relevant times herein, Individual Defendants acted for and on behalf of Corporate Defendant, with the power and authority vested in them as owners, supervisors, managers, officers and agents of Corporate Defendant, and acted in the course and scope of their duties and functions as agents and officers of Corporate Defendant.

68.     At all relevant times herein, Individual Defendants directly managed, supervised, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and/or signing or issuing checks and/or payroll payments to Plaintiff -- or directing payroll through other agents -- and others similarly situated.

69.     Individual Defendants had control over the conditions of employment of Plaintiff and others similarly situated, including hiring and firing, work schedules, the rates and methods of payments of wages, and the maintenance of employment records.

70.     At all relevant times herein, Individual Defendants had operational control over Corporate Defendant.

71.     Corporate Defendant and Individual Defendants are joint employers of Plaintiff and others similarly situated. Accordingly, all Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating To Piercing The Corporate Veil Of Chateau GC, LLC**

72.     Upon information and belief, in conducting the affairs of Corporate Defendant, ALEXANDER ARKER, the Chief Executive Officer of Defendant Chateau GC and, upon information and belief, the sole shareholder and owner of Defendant Chateau GC, failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

11

73. Upon information and belief, ALEXANDER ARKER used the assets of Corporate Defendant as his own, and otherwise commingled personal assets with the assets of Corporate Defendant.

74. As alleged herein, ALEXANDER ARKER used Corporate Defendant in order to circumvent a statute or statutes or accomplish other wrongful acts and/or in furtherance of other wrongful or inequitable purposes.

75. Upon information and belief, Corporate Defendant. was used to commit employment violations against Plaintiff and others similarly situated.

76. Corporate Defendant is the alter-ego of ALEXANDER ARKER and as will be established at trial, for the purpose of the claims made by Plaintiff and others similarly situated herein, Corporate Defendant has no separate legal existence from ALEXANDER ARKER. As such, Corporate Defendant and ALEXANDER ARKER individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

77. Plaintiff brings this action on behalf of himself and all others current and former employees of Corporate Defendant who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to his work for Defendants.

78. Upon information and belief, this collective action consists of not less than eleven (11) persons.

79. There are questions of law and fact common to the class, specifically whether the employment of Plaintiff and others similarly situated by Corporate Defendant is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

80.    Plaintiff and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiff and others proper overtime wages and regular wages under the FLSA and NYLL.

81.    Plaintiff brings the FLSA and NYLL claims for relief herein individually and on behalf of all others similarly situated as a collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiff, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

82.    Plaintiff brings this action on behalf of himself and all other current and former employees of Defendants who were mis-classified as described in the foregoing factual allegations and thereby did not receive the compensation required by the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder resulting in violations of the False Claims Act, the NYLL and New York common law with respect to the type of work and compensation received for their work from Defendants.

83.    Upon information and belief, this class of persons consist of not less than forty (40) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Rule 23(a)(1) of the Federal Rules of Civil Procedure ("FRCP").

84.    There are questions of law and fact common to the class which predominate over any questions affecting only individual members, more specifically whether the employment of Plaintiff by Defendants and others similarly situated are subject to the jurisdiction, worker classification, and the wage and overtime requirements of the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder, the False Claims Act, NYLL and New York common law. Only the amount of individual damages sustained by each class member will vary.

85.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

86.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of the other members of the class.

87.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Rule 23(b)(3) of the FRCP.

88.     Plaintiff brings the first, second, third and fifth claims for relief herein on behalf of himself individually and all others similarly situated as a class action pursuant to Rule 23 of the FRCP, in respect to all claims that Plaintiff, and all others similarly situated, have against the Defendants as a result of Defendants' violations of the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder, the False Claims Act, NYLL and New York Common Law.

**First Claim for Relief**
**Breach of Contract**

89.     Plaintiff repeats and re-alleges each and every previous allegation as if fully set forth herein.

90.     Plaintiff and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for wages.

91.     Plaintiff and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of his employment agreement with Defendants and was therefore entitled to the wages he earned while working for Defendants.

92.     Defendants failed or refused to pay Plaintiff and others similarly situated all of his wages to which he was entitled under his employment agreement.

93.     Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which he was entitled under his employment agreement constituted a breach of such employment agreement.

94.     By virtue of the foregoing breach of contract by Defendants, Plaintiff and others similarly situated has been damaged in an amount to be proven at trial based upon an accounting of the amount he should have been paid as contemplated by his employment agreement, less amounts he actually was paid, together with interests, costs, disbursements, and attorneys' fees.

### Second Claim for Relief – Unpaid Wages
### New York Minimum Wage Act NYLL § 650 et Seq.

95.     Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

96.     At all times relevant to this action, Plaintiff, and all others similarly situated, was employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

97.     Pursuant to the NYLL, Plaintiff, and all others similarly situated, was entitled to payment of wages which Defendants intentionally failed to pay in violation of such laws.

98.     Defendants failed to apprise Plaintiff, and all others similarly situated, of his rights under New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

99.     Defendants failed to establish, maintain, and preserve for not less than six years, certain payroll records for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

100.    Pursuant to these labor law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

101.    Plaintiff, and all others similarly situated, is also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

102.    Due to Defendants' New York Labor Law violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

103.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

### Third Claim for Relief – Unpaid Wages
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

104.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

105.    Plaintiff, and all others similarly situated, for all times relevant to this Complaint, employed by Defendants.

106.    At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA, including 29 U.S.C. § 207(a).

107.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff and all others similarly situated wages due in violation of 29 U.S.C. § 207.

16

108.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all others similarly situated, proper wages, including overtime wages.

109.    At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper wage payments.

110.    As a result of Defendants' failure to compensate Plaintiff, and all others similarly situated, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a), as well as 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

111.    Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

112.    As result of the Defendants' failure to properly credit, record, report and/or compensate Plaintiff, and all others similarly situated, and violated other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

113.    Defendants have failed to properly disclose or apprise Plaintiff, and all others similarly situated, of his rights under the FLSA.

114.    As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiff, and all others similarly situated, is entitled to liquidated damages pursuant to the FLSA.

115.    Plaintiff, and all others similarly situated, is entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

116.    Plaintiff, and all others similarly situated, seeks a judgment for unpaid wages, as well as an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

117.    Due to Defendants' FLSA violations, Plaintiff, and all others similarly situated, is entitled to recover from Defendants his unpaid compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

118.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

## Fourth Claim for Relief
## Quantum Meruit

119.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

120.    Plaintiff, and all others similarly situated, performed work and services for Defendants.

121.    Plaintiff, and all others similarly situated, had a reasonable expectation of payment for the hours worked for the Defendants.

122.    Defendants failed to remunerate Plaintiff for all of hours worked.

123.    Plaintiff, and all others similarly situated, is entitled to be paid for a reasonable value for services rendered, less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

124.    Wherefore, Plaintiff demands a money judgment in an amount to be proven at trial, individually and collectively, for all other similarly situated employees.

## FifthClaim for Relief
## False Claims Act

125.    Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

126.    The Davis-Bacon Act (the "Davis-Bacon Act") is a minimum wage law designed for the benefit of construction workers. The Davis-Bacon Act requires contractors on federally

funded construction projects to pay employees minimum wages based on the determination of prevailing wages "for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State in which the work is to be performed." 40 U.S.C. § 3142(b).

127.    Per United States Department of Labor ("DOL") regulations, 29 C.F.R. pts. 1, 5, 7, prevailing wage determinations are promulgated at the county level and based on collective bargaining agreements pursuant to 29 C.F.R. § 1.7(a), 40 U.S.C. § 3142(b) and 29 C.F.R. § 1.3(b).

128.    Defendants are subject to the Davis-Bacon Act and all rules and regulations promulgated thereunder for certain and/or all project worksites wherein Plaintiff and others similarly situated worked.

129.    Accordingly, Defendants were subject to the collective bargaining agreement(s) governed by the Davis-Bacon Act as well as its provisions and all rules and regulations promulgated thereunder for payment of wages to, and the worker classification of, Plaintiff and all others similarly situated.

130.    Pursuant to 31 U.S.C. 3729(a)(2), the False Claims Act ("FCA") imposes civil liability for making a false or fraudulent claim defined as a false record or statement material to such a claim, to obtain payment from the federal government (the "Government").

131.    Pursuant to 31 U.S.C. § 3729(a)(1)(A)–(G), (b)(2), both the United States Justice Department and private parties (called "relators") such as Plaintiff herein may bring an FCA action.

132.    Based on the foregoing actions of Defendants as alleged herein, Defendants submitted fraudulent and/or false certified payrolls and Certificates of Compliance with the

intention that the false documents be material to the Government's decision to pay and/or approve Defendants' (false) claims for payment.

133. Moreover, Defendants failed to comply with the obligations imposed by the Davis-Bacon Act and thereby violated the FCA by failing to pay Plaintiff and all others similarly situated the required wages per the correct worker classification of each of Defendants' employees under the collective bargaining agreement(s) in place for each project worksite, all in violation of the Davis-Bacon Act, DOL regulations promulgated thereunder, and the NYLL.

134. Defendants' failure to comply as alleged herein compromises a violation of the FCA and any amendments thereto including the Fraud Enforcement Recovery Act of 2009, amended and recodified as 31 U.S.C. 3729 et seq.

135. Accordingly, Defendants' conduct in violation of the FCA, subject Defendants to civil penalties on a per-violation basis plus three times actual damages pursuant to 31 U.S.C. § 3729(a)(1), as well as authorizes Plaintiff and all others similarly situated to recover attorneys' fees and costs of this action pursuant to 31 U.S.C. § 3730(d)(1)–(2).

<u>**Sixth Claim for Relief**</u>
<u>**Declaratory Judgment**</u>

136. Plaintiff repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

137. Plaintiff demands a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

(1)     As to the First Claim for Relief, award Plaintiff damages arising out of the breach of contract;

(2)     As to the Second Claim for relief, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3)     As to the Second Claim for Relief, award Plaintiff any and all outstanding (additional) wages, plus prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4)     As to the Second Claim for Relief, award Plaintiff damages arising out of violation of NYLL;

(5)     As to the Third Claim for Relief, award Plaintiff his unpaid wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6)     As to the Fourth Claim for Relief, award Plaintiff the quantum meruit value of his labor;

(7)     As to the Fifth Claim for Relief, award Plaintiff and all others collectively and similarly situated, damages for violations of the FLSA, the Davis-Bacon Act, the U.S. Department of Labor rules and regulations promulgated thereunder and the False Claims Act,

(8)     As to the Sixth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(9)     Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(10)     If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(11)     Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(12)     Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules (CPLR) § 5003;

(13)     Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(14)     Award Plaintiff all other relief requested in this Complaint;

(15)     Award Plaintiff other, further and different relief as the Court deems just and proper; and

(16)     An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury

on all questions of fact raised by the Complaint.

Dated: June 1, 2022
      Brooklyn, New York

                                          Respectfully submitted,

                                          **MARZEC LAW FIRM, P.C.**

By:     */s/ Darius A. Marzec*
           Darius A. Marzec, Esq.
           Attorneys for Plaintiff
           *MARIUSZ BRULINSKI* and
           *COLLECTIVELY AND ON BEHALF OF*
           *A CLASS OF ALL OTHER FORMER*
           *AND CURRENT EMPLOYEES*
           776A Manhattan Avenue, Suite 104
           Brooklyn, New York 11222
           (718) 609-0303
           dmarzec@marzeclaw.com